# WHEELING.

## KNIGHT *v.* BROWN.

Submitted January 31, 1885.—Decided April 25, 1885.

1. A party, who by cutting a ditch or drain collects surface-water and casts it in a body upon the land of an adjoining owner, unless it is so cast in a natural water-course, is liable to an action therefor by such adjoining owner. (p. 810.)

2. A declaration in case for damages caused by diverting the flow of water held sufficient on demurrer. (p. 811.).

3. One trespass can not be set off in bar of another ; but when the damages alleged by the plaintiff are caused in part by the wrongful act of the plaintiff, the defendant may by way of defence under the plea of not guilty prove such wrongful act of the plaintiff in mitigation of the damages claimed.  (p. 812.)

The facts of the case appear in the opinion of the Court.

*J. W. English* for plaintiff in error.

*C. E. Hogg* for defendant in error.

SNYDER, JUDGE :

Action on the case for damages brought by James L. Knight against William Brown in the circuit court of Mason county.   There was a trial by jury, and on September 19, 1882, a verdict and judgment for the plaintiff from which the defendant obtained this writ of error.   The principle error assigned is that the court improperly overruled the demurrer to the declaration and each count thereof.

The declaration contains two counts, but as the second is confessedly good if the first is sufficient, it being better both in form and substance than the first, in the view I take of the subject, it is only necessary to notice the latter.   The first count in substance avers, that the plaintiff was lawfully seized and possessed of a certain close in said county, and at the time of the committing of the grievances thereinafter mentioned he of right ought to have had and enjoyed and still of right ought to have had and enjoyed said close free from the running of the waters of a certain stream, creek or ravine which all that time ought to have run, flowed and discharged its waters, and until the diversion thereof thereinafter mentioned of right had run, flowed and discharged its waters upon the farm of the defendant, and that the defendant well knowing the premises, but contriving and wrongfully intending to injure and aggrieve the plaintiff in the possession and enjoyment of his said close and to render a certain field, the part thereof adjoining the farm of the defendant, unfit and useless for cultivation, &c., dug and made a certain ditch, drain and channel, beginning at and from a point where said stream, creek or ravine discharged its waters over and upon the farm of the defendant, and extending thence

about one hundred yards to the said field of the plaintiff, and that by reason thereof large quantities of rain water and melted snows, ran to, flowed on and were discharged in, over and upon said field, and by reason of the premises said field was rendered unfit for cultivation, &c., and thereby said close was greatly injured and damaged, and the plaintiff was compelled to expend large sums of money in draining and carrying off said rain-water and melted snows so unlawfully turned, diverted, and discharged over and upon said close, &c.

Our statute declares that "No action shall abate for want of form where the declaration sets forth sufficient matter of substance for the court to proceed upon the merits of the case." Sec. 9, ch. 125, Code p. 600.

This declaration in effect avers, that the plaintiff was seized of his close which he was entitled to enjoy "free from the running waters of a certain stream, creek or ravine," that the defendant wrongfully dug and made a ditch from the place where said stream, creek or ravine entered his land to the place where it re-entered the close of the plaintiff, by reason whereof large quantities of rain water and melted snows were discharged upon the plaintiff's close. It is claimed by the defendant, the plaintiff in error, that these averments are insufficient because it is no where charged that any water from said stream, creek or ravine passed through said ditch or was conveyed thereby to the close of the plaintiff; that the injury is averred to result from rain water and melted snows, and not from the waters of said stream, &c.

It must be conceded that this declaration is not free from defects, but I think it contains sufficient substance for the Court to proceed upon its merits. It expressly avers, that until the diversion caused by the ditch made by the defendant, the waters of the stream were discharged upon the land of the defendant, and also that the plaintiff was compelled to expend money in draining and carrying off the rain water and melted snows so wrongfully turned, diverted and discharged upon the close of the plaintiff. The thing diverted was evidently the waters of said stream, and the fair inference is that the rain water and melted snows are the waters which flowed in said stream. It is not stated that the rain water and melted snows were the surface water that accumulated on the lands of the

defendant, but the implication from the context is that these were the waters which flowed in said stream. The words " diversion " and " diverted " can only refer to the waters in the stream, and it is not material whether these waters flowed from a spring or natural water-course, or were accumulated from rains and melted snows. The stream may have been made up by either, and because it was a stream it does not follow that the waters which flowed in it were not rain and melted snows ; and, therefore, the damage complained of may have been from the rain water and melted snows which flowed in the stream and not from the accumulated surface waters on the defendant's land. If the declaration had expressly stated that the rain water and melted snows were the waters flowing in the stream, then the injury complained of would necessarily be the result of the wrongful act of the defendant in diverting these waters, by the ditch, upon the close of the plaintiff. The fair inference being, as we have seen, that these are the waters referred to, the declaration must be regarded as containing this averment, and therefore sufficient.

But if this inference is not correct, the declaration must be held sufficient under the decision of this Court in *Gillison* v. *Charleston*, 16 W. Va. 282 ; because in that case we held, that a party who cuts ditches or drains whereby he collects surface-water and casts it in a body upon the land of another, unless it is so cast in a natural-water course, is liable to an action therefor. In this view the averment that the plaintiff had a right to enjoy his close free from the running water of the stream, might be treated as surplusage. This is not a material part of the declaration in such a case as this. When the plaintiff avers that he is the owner of the land damaged, the law will imply that he is entitled to enjoy it free from any unlawful interference by any one, and if the defendant has a servitude upon it which is inconsistant with the rights of absolute ownership, he must show that as a matter of defence. The law will not presume such servitude and the plaintiff is not bound to aver that it does not exist. 1 Saund. Pt. & Ev. 339, 415. In some cases such averments are necessary. Thus where the act complained of is not inconsistent with the title of the plaintiff, as if the plaintiff claimed damages for obstructing his right of way over the lands of the defendant,

here he would have to aver that he had such right, because the law would not presume such right. 4 Rob. New Pr. 814. It is better that such averment by way of inducement should be made in all cases and such is the usual practice. All that we mean to say here is, that it is not always necessary, and that it was not essential in this case.

The only other error assigned is that the court erroneously rejected the defendants plea No. 2. The issues tried were upon the pleas of not guilty and two special pleas. The plea that was rejected attempted to set up as a bar to the action the fact that the plaintiff, by denuding the banks of the stream of the timber and undergrowth along that portion of it which passed through his land before it reached the land of the defendant, caused the banks to fall away and the sand thus produced, to wash into and fill up the stream and be carried by the rain and melted snow on the land of the defendant and thence again upon the land of the plaintiff.

The defendant contends that he ought to have been allowed to prove the facts set up in this plea in order to show that the plaintiff contributed to the damage of which he complains, and cites in support of this position 1 Add. on Torts 24. An examination of this citation will show that it relates to the subject of contributory negligence and has no application to cases such as this. The complaint here is not one of negligence but of a positive wrongful act; and the matter alleged in the plea, if it shows any wrong, shows that it also was a positive wrongful act of the plaintiff to the injury of the defendant. Neither of the acts are acts of negligence and being positive and wilful trespasses they are not the subjects of set-off against each other. But in as much as they are to some extent connected and alleged to be the causes of the injury complained of, the act of the plaintiff so far as it may have operated to aggravate the injury, may be proved in diminution of the damages claimed by him. This may be done under the plea of not guilty. The plaintiff is only entitled to recover for the injury done him by the wrongful act of the defendant, and if the damages claimed by him are caused in part by the acts of himself, this may be proved by the defendant in mitigation of the damages claimed, but it can not be the subject of a plea in bar of the action. If the act of the plaintiff in denuding

the banks of the stream was unlawful, that may have been cause for an action by the defendant against the plaintiff, but it surely would not justify the defendant in doing an unlawful act against the plaintiff, and therefore said plea was bad. For these reasons I am of opinion that the judgment of the circuit court should be affirmed.

AFFIRMED.