𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

WATTS AND OTHERS v. C. I. JOHNSON & BOWMAN REAL
ESTATE CORPORATION.

June 14, 1906.

1. EASEMENTS—*Right of Way—Abandonment—Case in Judgment.*—A
grantor, owning a brick tenement and five feet of land adjacent
thereto, on a city street, conveyed the five feet to a grantee, with
the privilege to grantee to build up to and join the side wall of said
tenement and to pierce said wall and insert timbers therein, so
as to have a convenient alleyway, four and a half feet wide, next
to the wall of said tenement, which alley was to be used in com-
mon by the grantor and grantee and their heirs forever, and the
use of the same was expressly reserved by the grantor and to his
heirs and assigns forever. At the time of the grant there was a
door-way in the tenement opening on the alley. In 1883 the tene-
ment was destroyed by fire, and shortly thereafter a new building
was erected on the same site, using the old side wall, closing the
old doorway, but putting in windows overlooking the alley, upon
which they are, in part, dependent for light. The house on the
adjacent lot is built over the alley above the first story; there is a
sewer underneath the alley, which has been used in common by
the owners of the two pieces of adjacent property, and shortly
before the institution of this suit those claiming under the original
grantor repaired the alley by cementing cracks between the flag-
ging, so as to prevent water from escaping into their cellar. The
bill in this case was filed by those claiming under the original
grantee to declare the alley abandoned by those claiming under
the reservation in the grantor's deed, and that complainants had
absolute title.
*Held:* There has been no abandonment. The reservation by the
grantor was an interest in land, and carried to the beneficiaries
thereunder not a mere right to pass over the alley, but all inci-
dental advantages which would accrue therefrom, such as an en-

trance for light and the location and repair of a sewer pipe; and, furthermore, the deed was not intended to invest the grantee and those claiming under him with the ground occupied by the Alley for a building site.

2. EASEMENTS—*Grant—Extent of Use.*—When an easement exists by express grant its use must be confined to the terms and purposes of the grant.

3. EASEMENTS—*Grants and Reservations—Right of Way—Alleyway— Extent of Use—Mode of Enjoyment.*—The use to which a private way, granted or reserved, may be subjected by the owner depends upon the instrument by which it is granted or reserved. If granted or reserved in general terms it may be used in any manner and for any purpose reasonably necessary. A common and ordinary use of a permanent alley is as a source of light and air to an adjacent building, and a non-user as a passway does not involve an abandonment for the purposes of light and air.

4. EASEMENTS—*Failure to Use—Abandonment.*—The mere failure to use an easement, unaccompanied by an intention, express or implied, to abandon its enjoyment, is not sufficient evidence of abandonment.

Appeal from a decree in chancery of the Corporation Court of the city of Lynchburg. Decree for complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Harrison & Long,* for the appellants.

*Wilson & Manson,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

Appellee's bill charges that appellants have abandoned their right to a joint alley separating two adjacent lots belonging to the parties, respectively, and fronting on Main street, in the city of Lynchburg; and its prayer is that the court will re-

move the cloud upon the title of appellee to the entire alley by decreeing the alleged abandonment by appellants a perpetual bar to their claim to any interest therein.

Appellants demurred to the bill, and also filed their answer denying its allegation and insisting upon their right to the continued enjoyment of the alley in common with appellee.

At the hearing the trial court passed a decree sustaining the contention of appellee and adjudging the interest of appellants in the alley forfeited, from which decree this appeal was allowed.

The question for decision is one of law merely, upon practically undisputed facts.

The parties derived title to the alley in controversy from a common source, George E. Roberts, who, in the year 1841, conveyed to "John M. Warwick and to his heirs and assigns forever, all that piece or parcel of ground, situated on Second (now Main) street, in the town of Lynchburg, between the lower corner of the brick tenement on said street, the property of the said George E. Roberts . . . and the upper line of the lot lying immediately below, on the same street, belonging to the said John M. Warwick; the said piece or parcel of ground containing, by estimation, five feet, more or less, in front on the said street, and running back one hundred and thirty-two feet, together with the privileges to the said John M. Warwick and his heirs and assigns, whenever disposed, to build on the said piece or parcel of ground, or on the lot of ground belonging to the said Warwick, adjoining the same, to build up to and join such new building to the lower side wall of the brick tenement aforesaid, belonging to the said Roberts, and to pierce the said walls and insert timbers therein, so as to have a convenient alley, four and one-half feet wide, next to said wall of the brick tenement aforesaid, and running back one hundred and thirty-two feet, which alley is to

be used in common by the said Roberts and Warwick, and their respective heirs and assigns forever, and the use of the same is hereby expressly reserved to the said George E. Roberts, and to his heirs and assigns forever."

There was a doorway in the wall of the brick tenement referred to in the foregoing deed, opening on the alley. The old building was destroyed by fire in the year 1883, and shortly after the fire appellants erected the present structure, which covers their entire lot, and used part of the old wall in the construction of the new building, filling in the doorway in the old wall with brick, so that at present there is no doorway in the wall to the new building, opening on the alley, but there are windows in the side of the building overlooking the alley, and upon which it is in part dependent for light and air.

The house upon the lot of appellee, which was erected in the year 1844, is fifty or sixty feet long and two stories high; and the alley is built over from the top of the first story, the timbers in the building being embedded in the old wall of the Roberts house. There is also a sewer under the alley, which has been continuously used in common by the parties and their predecessors in title for many years, the right of appellants to the use of which is established by the decree under review. It also appears that a short while before the institution of this suit appellants repaired the alley by cementing the cracks between the flagging, so as to prevent surface water from escaping into their cellar.

The avowed purpose of the litigation is to enable appellee to acquire absolute ownership of the alley, relieved of the easement reserved in the deed from Roberts to Warwick, and to erect a building covering the whole of it, together with the adjoining lot; and the sole ground upon which the contention that appellants have forfeited their property in the alley by abandonment rests upon the allegation that they evinced an

intention to abandon it by voluntarily cutting themselves off from its use as a right of way when they closed the doorway in the wall of the original building. But the conclusion drawn from that circumstance alone is, in our opinion, founded upon a misconception of the extent of appellants' rights under the stipulations of the Roberts deed. The reservation of "a convenient alley four and one-half feet wide, next to the said side-wall of the brick tenement aforesaid, and running back one hundred and thirty-two feet, which alley is to be used in common by the said Roberts and Warwick and their respective heirs and assigns forever," operated as a grant of an incorporeal hereditament, · an interest in land, and carried to the beneficiaries not a mere right to pass over the alley, but all incidental advantages which would accrue therefrom. Indeed, the alley might be of no practical utility as a mere right of way, and still be indispensable for other purposes, such as an entrance for light and air, and a location for the underlying sewer pipe. The owner of a lot thus abutting upon an established alley is entitled to all its benefits and cannot be deprived of his rights on the theory of abandonment because he elects to use it in one way rather than another.

The fundamental error in the case grows out of the too narrow construction of limiting appellants' rights to the special, rather than the general, use of the alley. The case, therefore, is not controlled by the doctrine applicable to the reservation or grant of a bare right of way, which, of course, carries only the right to such light and air and other incidents as are necessary to the convenient enjoyment of the particular right conferred. On the other hand it is equally clear that the deed was not intended to invest Warwick and those claiming under him with the ground occupied by the alley for a building site.

"When an easement exists by express grant its use must be confined to the terms and purposes of the grant. And it must

further be used in a reasonable manner and so as not unnecessarily to injure the rights of the other party. The extent of the use, where unlimited by the grant, must be governed by what is reasonable and customary in such cases." 14 Cyc. 1206.

Again it is said in the same treatise: "If the owner of an easement exceeds his rights, either in the manner or the extent of its use, or if he enters upon or uses the land of the servient estate for any unauthorized purpose, he is guilty of a trespass, and the servient owner may maintain such action, although no actual damages have been sustained by him." *Idem,* 1215; *Ridgeway* v. *Vose,* 3 Allen (Mass.) 180.

As remarked, the language employed in the Roberts deed clothed both parties with community and equality of right to use the alley in any manner not incompatible with the joint user; but it cannot be interpreted to convey to the grantee of the adjoining strip of land the right to appropriate it absolutely as part of a building site any more than it can be construed to restrict appellants' use of it to that of a mere right of way. It would be unreasonable and violative of the rights of appellants to suffer appellee to devote the ground dedicated to the alley to a use plainly not contemplated by the deed, and one which would not only deprive them of the right of way, but also of light and air and access to the alley for the purpose of maintaining their sewer, upon the deduction that filling in the doorway in the old wall necessarily manifested a determination on the part of appellants to abandon the use of the alley for the particular purpose of a right of way.

"The use to which the owner of a private way may subject it depends upon the instrument by which it is granted or reserved, or upon its common and ordinary enjoyment, where it is claimed by prescription. If it be granted or reserved in general terms, it may be used in any manner and for any pur-

pose reasonably necessary." Note to *Bakeman* v. *Talbot*, 88 Am. Dec. 279.

A common and ordinary enjoyment of a permanent alley is as a source of light and air to adjacent buildings. Accordingly, it has been held that the grant of a right to use an open court gives not only a right of way over the court, but the right to have it kept open for light and air. *Salisbury* v. *Andrews*, 128 Mass. 336.

The doctrine, too, is well settled that "mere non-user of an easement created by deed for a period, however long, will not amount to abandonment. To show this there must be acts of the owner showing an intention to abandon, or an adverse user by the owner of the servient estate acquiesced in by the owner of the dominant estate. Nothing short of a use by the owner of the servient estate, which is adverse to the enjoyment of the easement by the owner thereof for a period sufficient to create a prescriptive right, will destroy the right granted." 14 Cyc. 1187; *Snell* v. *Levitt*, 110 N. Y. 595, 18 N. E. 370, 1 L. R. A. 414; *Welsh* v. *Taylor*, 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535; Jones on Easements, sec. 863.

In *Scott* v. *Moore*, 98 Va. 668, 37 S. E. 342, 81 Am. St. Rep. 749, it is said: "That the mere failure to use an easement, unaccompanied by proof of an intention, or of some act done or omitted, which is inconsistent with the future enjoyment of the right, and which clearly evinces an intention to abandon the easement, is not sufficient evidence of abandonment."

In the case of *Vinton* v. *Green*, 158 Mass. 428, 33 N. E. 607, cited in Jones on Easements, sec. 853, it was held that one having a right of way over an alley, the only access to which was a gate through a wall from a yard in the rear of the building, could not be adjudged to have abandoned the ease-

ment by building on the yard and closing the gate with a solid wall, and thus cutting himself off from the use of the alley as a passageway, where he had opened a coal hole through the wall of the old building, though the use of the coal hole may have rendered the use of the passageway in connection with it unlawful. Such continued use of the way for more than twenty years, with knowledge and against the will of the owner of the fee, was notice to him and all concerned that the claims of the owner of the easement were not abandoned.

It is not pretended that appellee has acquired title to the ground occupied by the alley by adverse possession, and it must be conceded that the act relied on to establish the extinguishment of the easement by abandonment is more than overbalanced by the acts of appellants in placing the windows of the new building on the alley side, evidently for the purpose of obtaining an unobstructed flow of light and air into their building from that direction, and resorting to the alley and cementing the flagging to prevent surface water from seeping into their cellar. These circumstances repel the presumption of abandonment, which, as observed, is the foundation upon which appellee's case rests.

For these reasons the decree appealed from is erroneous and must be reversed.

*Reversed.*