JAMES S. WALTON, ET AL.

V.

RANDY L. HOLLAND, ET AL.

Record No. 881060

November 10, 1989

Present: Carrico, C.J., Compton, Stephenson, Russell, Thomas,* Whiting, and Lacy, JJ.

* Justice Thomas participated in the hearing and decision of this case prior to the effective date of his resignation, November 1, 1989.

688

*John D. Sims* for appellants.
No brief or argument for appellees.

Justice Whiting delivered the opinion of the Court.

In this case we determine whether the conveyance of land, to-gether with an access easement over a private road[1] on the gran-tor's remaining land, entitles the grantee to use the road for access to his other land adjoining the roadway. Because the controversy involves a number of tracts of land and different sources of title, we have shown those parts of the tracts material to this appeal on the attached sketch. It consolidates the various plats described in the record but is not drawn to scale.

On August 28, 1962, Wilmer L. Swicegood and Lalla W. Swicegood, his wife (collectively Swicegood), who owned 110 acres in Gloucester County, recorded a plat of a portion of their property, described as Sections 1 and 2, Woodland Park subdivi-

---

[1] The parties have stipulated that there are no public rights of passage over the road-ways in question. Apparently, Gloucester County had not adopted subdivision regulations authorized by the Virginia Land Subdivision Act at the time the plat was recorded. For that reason, the plat's recordation did *not* create any public rights in the road areas shown on the plat. *See* Acts 1962, c. 407 (current version at Code §§ 15.1-465 and -478). In 1975, the General Assembly required that all counties or municipalities adopt subdivision regulations, which meant that the subsequent recordation of any plat operated to transfer a public right in the streets shown on the plat. *See* Code §§ 15.1-465 and -478.

sion. The plat showed 12 lots, described as Section 1, and a partially undefined area, described as Section 2, abutting Hillside Drive and Springdale Road. The boundaries of the 12 lots of Section 1 and 5.376 acres of Section 2, as described in the record, are indicated as "-o-" on the attached sketch.

The subdivision plat was attached to Swicegood's deed of August 21, 1962 to John D. Briggs, conveying Parcel A together with a 50-foot right-of-way from Parcel A over Springdale Road and thence over Hillside Drive to Route 17. On August 30, 1977, Briggs conveyed Parcel A and two other parcels of land to one of the defendants, J. Harris Holland.

One of the other two parcels was composed of two lots, described as lots 1 and 2 of "Crockets." The "Crockets" boundary is indicated on the attached sketch as "-x-." The second of those two parcels, not fully described in the deed, was northeast of "Crockets" and southwest of Swicegood's property. It is indicated on the sketch as "Parcel X."

Although the easement granted in Swicegood's deed to Briggs was limited to Parcel A, Briggs's August 30, 1977 deed to J. Harris Holland recited that the property was being conveyed together with "an easement of right of way over and across Springdale Road and Hillside Drive, . . . for purposes of ingress and egress to and from U.S. Route 17 at all times." There is no evidence, however, that Swicegood previously conveyed an easement to Briggs, or to any of his predecessors in title, except the easement to serve Parcel A.

On January 5, 1982, Briggs conveyed lot 3 of "Crockets" to J. Harris Holland and Gladys S. Holland.

On August 10, 1987, James S. Walton and others,[2] servient owners and successors in interest to Swicegood, filed this suit for an injunction. In the part of their bill of complaint material to this appeal, they sought to limit J. Harris Holland and Gladys S. Holland's use of the 50-foot right-of-way to Parcel A and to enjoin them from using it to serve lots 1, 2, and 3 of "Crockets" and Parcel X. On September 1, 1987, J. Harris Holland and Gladys S. Holland filed an answer and cross-bill in which they claimed the

---

[2] They are Marion L. King, Jr. and Jean M. King, Joseph A. Lombard, Jr. and Betty A. Lombard, Edward L. Garrett and Rebecca H. Garrett, Harold B. Dumas and Katherine H. Dumas, Cabot H. Williams and Joyce B. Williams, John L. Priest and Janet M. Kroskey, and John T. Myles and Joan P. Myles. J. Douglas Hall and Laura H. Hall were later joined as complainants.

right to use Springdale Road for access to all of their properties because of the grant of such a right in Briggs's August 30, 1977 deed to J. Harris Holland. The servient owners and all of the Hollands also asked for other relief not material here.

On June 24, 1988, following a hearing *ore tenus*, the trial court held that J. Harris Holland and Gladys S. Holland were entitled to use the roads described on the Woodland Park subdivision plat which were adjacent to their properties and granted other relief to the Hollands and the servient owners, not material in this appeal. The servient owners appeal only that portion of the decree which permits J. Harris Holland and Gladys S. Holland to use the right-of-way for access to properties other than Parcel A.

■ We need not decide whether the August 30, 1977 deed from Briggs to J. Harris Holland might be read as an attempt to convey a right-of-way over the roads in the Woodland Park subdivision for the benefit of those properties Briggs had acquired from persons other than Swicegood and later conveyed to J. Harris Holland and Gladys S. Holland. Even if it were an attempt to convey an easement, it would be ineffectual. Briggs could convey no more than he received in his deed from Swicegood. *Phillips* v. *Wells*, 147 Va. 1030, 1040-41, 133 S.E. 581, 584-85 (1926).

■ Furthermore, J. Harris Holland's easement for Parcel A may not be expanded to benefit other properties south of Springdale Road. In a similar factual situation, we held that this would "impose an additional burden on the servient estate which was not intended in the grant." *Robertson* v. *Robertson*, 214 Va. 76, 81, 197 S.E.2d 183, 187 (1973).

■ The fact that Springdale Road is adjacent to Parcel X does not create any right of passage serving the owners of Parcel X over Springdale Road. As we said in *Robertson*, "[a] landowner may lay off a private roadway along his property line without thereby entitling the adjoining landowner to use it." 214 Va. at 80, 197 S.E.2d at 187.

Accordingly, we will reverse that portion of the final decree which authorized J. Harris Holland and Gladys S. Holland to use any part of the roadways, not dedicated to the public, for access to any of their properties other than Parcel A and enter final judgment affirming the decree as modified.

> *Reversed in part, modified,*
> *and final judgment as modified.*