## CIRCUIT COURT OF STAFFORD COUNTY

Robert C. Hayes et al.

v.

Stafford County
Board of Supervisors et al.

February 15, 1991

Case No. (Chancery) 107-89

By JUDGE JAMES W. HALEY, JR.

This final portion of complex litigation involves Exceptions to a Commissioner's Report dealing with expanded use and improvement of "an easement of right of way . . ." granted in an Easement Agreement dated February 3, 1951, and recorded in Deed Book 108 at Page 544 among the land records of Stafford County.

The easement is fifteen feet wide and approximately 1120 feet long, running from State Route 666 through the property of complainants and terminating on property owned by respondent Aquia Marina, Inc., which property adjoins Aquia Creek, a navigable body of water feeding into the Potomac River.

The court has read and considered the pleadings, the transcripts, the exhibits, the Commissioner's Report, and the memoranda of counsel.

In *Jarvis v. Tonkin*, 238 Va. 115, 121-122, 300 S.E.2d 900, 904 (1989), the Supreme Court noted:

We recently restated the principles governing our review of a chancellor's decree which has set aside a commissioner's report.

While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence.

This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence . . . [W]here the chancellor has disapproved the commissioner's findings, this Court must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. even where the commissioner's findings of fact have been disapproved, an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear, and evaluate the witnesses at first hand.

*Morris v. United Virginia Bank*, 237 Va. 331, 337-38, 377 S.E.2d 611, 614 (1989) (citations omitted) (emphasis added) (quoting *Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984); accord *Sprott v. Sprott*, 233 Va. 238, 240, 355 S.E.2d 881, 882 (1987).

Because the commissioner's report was supported by the evidence, the chancellor erred in setting it aside.

This standard specifically applies in cases before a Commissioner dealing with easements. *Ward v. Harper*, 234 Va. 68, 360 S.E.2d 179 (1987).

Complainants' Exception 1 (and a portion of Exception 4) maintaining the Commissioner improperly received evidence concerning approval of expansion of marina activities by the Board of Supervisors of Stafford County and complainants' Exception 2, maintaining the Commissioner improperly failed to limit use of the easement for "domestic" purposes, are each overruled in that the Commissioner's findings involve a correct application of the law and/or are so fully supported by the evidence as not to require further amplification herein.

Complainants' Exceptions 3 and 4 are essentially the same, that is, that increased use of the easement concomitant with expansion of the marina facilities constitutes an impermissible burden to the servient estates.[1]

The facts in the present case show that the use by private boat owners and their guests of the dominant tract for purposes of a marina preceded execution of the Easement Agreement on February 3, 1951, that such use expanded substantially in the 1970's, that the Board of Supervisors in 1990 approved marina expansion to 280 slips, and that on weekends, a time of maximum use, only 20% to 30% of owners will make use of the marina.

In *Cushman Va. Corp. v. Barnes*, 204 Va. 245, 251, 129 S.E.2d 633, 639 (1963), the court stated:

> When a right of way is granted over land, the servient estate, for the benefit of other land, the dominant estate, and the instrument creating the easement does not limit the use to be made thereof, it may be used for any purpose to which the dominant estate may then, *or in the future, reasonably be devoted* (emphasis supplied).

In *Wagoner v. Jack's Creek Coal Corporation*, 199 Va. 741, 744, 101 S.E.2d 627, 629 (1958), the court stated:

> Where a right of way is granted or reserved, it may be used for any purpose to which the land accommodated thereby may reasonably be devoted unless the grant or reservation specifi-

---

[1] A number of cases cited by complainants are not here applicable, in that they deal with a change in type, not degree, of use, e.g., Gordon v. Hoy, 211 Va. 539, 178 S.E.2d 495 (1971), adding underground pipes for water and gas within the easement; Vance v. Davis, 195 Va. 930, 80 S.E.2d 396 (1954) "a substantially different servitude." Robertson v. Robertson, 214 Va. 76, 197 S.E.2d 183 (1973), and Walton v. Holland, 238 Va. 687, 385 S.E.2d 609 (1989), each holding an easement may not be expanded to serve properties other than the originally dominant estate.

cally limits the use, and the beneficiary of the right is not restricted to the type of vehicles or mode of travel existing at the time the easement was created, but he may use the way for any vehicle which his reasonable needs *may require in the development of his estate* (emphasis supplied).

*See also, Keen v. Coal Corporation*, 203 Va. 175, 179, 122 S.E.2d 543, 546 (1963); *Watts v. Johnson & Bowman Real Estate Corp.*, 105 Va. 519, 54 S.E. 317 (1906); *Oney v. West Buena Vista Land Co.*, 104 Va. 580, 52 S.E. 343 (1905).

The commentator in 6B M.J. *Easements*, § 24, p. 175, states:

When . . . [an] instrument creating the easement does not limit the use to be made thereof, it may be used for any purpose to which the dominant estate may then, or in the future, reasonably be devoted.

In *Brown v. Haley*, 233 Va. 210, 218, 220, 355 S.E.2d 563, 567, 570 (1987), the court stated:

Absent express restrictions imposed by the terms of the grant, a grantor of property conveys everything that is necessary for the beneficiary use and enjoyment of the property. *Middleton v. Johnston*, 221 Va. 797, 802, 273 S.E.2d 800, 803 (1981); *Fones v. Fagan*, 214 Va. 87, 90, 196 S.E.2d 916, 918 (1973); *Jennings v. Lineberry*, 180 Va. 44, 48, 21 S.E.2d 769, 771 (1942); *Scott v. Moore*, 98 Va. 668, 675, 37 S.E. 342, 344 (1900).

and further noted that:

Use of the property . . . for access to the water is reasonably necessary for the beneficial use and enjoyment of the property . . . .

In *United States v. Parkway Towers, Inc.*, 282 F. Supp. 341, 343 (E.D. Va. 1968), affirmed 405 F.2d 500 (4th Cir. 1969), the court stated:

> Where an easement is granted (or reserved), it may be used for any purpose to which the property for whose benefit the easement exists may then, or in the future, reasonably be devoted, unless the grant or reservation specifically limits the use; that is, the holder of the easement is entitled to do what is reasonably necessary to enjoy the *full rights established by the easement* (emphasis supplied).

The *Restatement of Property*, Division V, Servitudes, sect. 484, p. 3020 (1944 ed.), states:

> In ascertaining, in the case of an easement appurtenant created by conveyance, whether additional or different uses of the servient tenement required by changes in the character of the use of the dominant tenement are permitted, the interpreter is warranted in assuming that the parties to the conveyance contemplated a normal development of the use of the dominant tenement.

The dominant estate in this litigation has been used as a marina for more than forty years and was in such use at the time the easement agreement was executed. The owner of the dominant estate has the right to develop his property for "its beneficial use and enjoyment . . ." *Brown v. Haley, supra*. The language of the Easement Agreement contained no restrictions or limitations as to use. The commissioner has found that:

> the number of slips of 280, floating docks, boat launching and repair, gasoline sales, construction of a breakwater, use of a travel lift

148

with parking . . . (and boat sales) . . . is a reasonable use under the circumstances in 1990.

The complainants alleged that increased use of the easement impermissibly burdened the servient estates. The complainants had to establish that pinion fact by the preponderance of the evidence. They have failed to do so, and the Commissioner's finding that the expanded use of the easement is reasonable is supported by the evidence. Accordingly, complainants' Exceptions 3 and 4 are overruled.

By Exception 5, complainants argue that the easement may not be paved because "paving constitutes an improvement rather than maintenance . . ."

In 25 Am. Jur. 2d, *Easement and Licenses*, § 86, pp. 492-493, the commentator notes:

> In order that the owner of an easement may perform the duty of keeping it in repair, he has the right to enter the servient estate at all reasonable times to effect the necessary repairs and maintenance, *or even to make original constructions necessary for enjoyment of the easement* (emphasis supplied).

In *Eppes v. Eppes*, 181 Va. 970, 987, 27 S.E. 2d 164, 172 (1943), the court stated:

> The word "improvement" is a comprehensive term, which includes in its meaning any development whereunder work is done and money expended with reference to the future benefit or enrichment of the premises. *Cullop v. Leonard*, 97 Va. 256, 33 S.E. 611, 20 Words and Phrases, Perm. Ed., p. 313.

Given such a broad definition of improvement, complainants' attempted distinction between improvement and maintenance is one without a difference.

But assuming *arguendo* there is such a difference, the commentator at 25 Am. Jur. 2d, *Easements and Licenses*, sect. 85, notes 10-11, p. 492, notes that "in preparing an easement of way for proper use the easement owner may grade, plough, or pave such way."

No Virginia case dealing with paving an easement was discovered. However, in *Stagman v. Kyhos*, 19 Mass. App. 590, 476 N.E.2d 247, 259 (1985), the court held:

> Likewise, we agree with the judge that the Stagmans' paving their property and a portion of the route in question did not constitute a trespass. It is settled law . . . that the owners of the dominant tenement have a right reasonably to improve the surface of the way over which they have the right to pass.

In light of the foregoing, complainants' Exception 5 is overruled.

The Commissioner's fee in the amount of $3,612.50 is approved. Each party shall bear its own attorney's fees, and the court costs and transcription costs shall be evenly divided between the complainants and respondent.