# 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓

CLEVEY O. JENNINGS v. PERRY LINEBERRY.

September 9, 1942.

Record No. 2549.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Spratley, JJ.

The opinion states the case.

*Campbell & Campbell* and *B. P. Goad*, for the appellant.

*Jack M. Matthews* and *J. L. Tompkins*, for the appellee.

G REGORY, J., delivered the opinion of the court.

This appeal challenges a decree by which an easement of necessity was established over the lands of Clevey O. Jennings in favor of Perry Lineberry running from the adjoining lands of the latter through the Jennings' land to the Hebron road. The sole question to be decided here, and upon which the single assignment of error is grounded, is whether or not Lineberry is entitled to an easement or way of necessity over the land of Jennings. The lower court has resolved the question in favor of Lineberry.

The procedure was initiated by a bill for an injunction filed by Lineberry against Jennings, the purpose of which was to establish an easement of necessity over the Jennings' land; to restrain him from obstructing the roadway and to require him to remove the locks from the gates which extended across the road through his land and which had been placed there by him.

Jennings filed an answer in which he denied that Lineberry was entitled to an easement of necessity through his (Jennings') land. He averred that Lineberry had a sufficient way by a public road from his land to the Hebron road.

Jackson Jennings, the father of the appellant, acquired two adjoining tracts of land, one of 24 acres in 1913 and the other of 95 acres in 1919. He moved his home to the 95-acre tract in 1919 or 1920. A short time afterwards he built a farm road, which is the subject of the present controversy, connecting the two tracts and used it for his farming purposes. Later he opened the farm road into the Hebron road. The latter road is a good, hard-surfaced, public road and one desirable to be reached by Perry Lineberry.

At the time Jackson Jennings bought the two tracts, there was a county road, which he and others in his community used, leading by his home place to the Hebron road. This public road was last worked at county expense in 1932. Since then there has been no substantial work done on it. This road, from lack of use, the growth of grass and brush and the washing due to rainfall has become, according to some of the witnesses, totally impassable. According to other witnesses it is usable now for wagons but not for automobiles. A fair conclusion from the evidence is that this road can be made usable by a reasonable amount of repair work and at reasonable expense.

After Jackson Jennings connected the new road with the Hebron road, he and his neighbors used it in preference to the old county road. He still used the old county road to haul over, and others used it when it suited their convenience, but the use was limited. However, its use seems to have been sufficient to negative the allegation that it had been abandoned.

In 1934, Jackson Jennings conveyed to his son Clevey, who is the appellant here, the 24-acre tract. The deed contained covenants of general warranty and the Virginia statutory covenants. The new road made by Jackson Jennings ran through this tract but no reservation whatever respecting the

road was made in the deed. Clevey Jennings and his mother, who were present when this transaction occurred, testified as to a declaration made by Jackson Jennings at the time, to the effect that he (Jackson Jennings) purposely refused to reserve the roadway in the deed because he had a sufficient outlet over the old county road to the Hebron road. This testimony was not contradicted by Jackson Jennings, notwithstanding he was subsequently placed upon the witness stand.

In 1938, Jackson Jennings and his wife conveyed to Rufus Jennings, another son, 19½ acres from the original 95-acre tract. It adjoins the lands of Clevey and the private road also runs through it. In this deed there appeared an agreement for Clevey and his wife to sign to the effect that they would grant to Rufus the road as it runs through Clevey's land to the Hebron road. This, Clevey and his wife, refused to do.

Jackson Jennings, after these conveyances, still owned about 56 acres of the 95-acre tract. On this he continued to reside until a short time before it was sold in 1939 in a Chancery suit to satisfy a certain lien. At this sale Perry Lineberry, the appellee, became the purchaser. Then it was that Clevey Jennings locked the gates across the new road and prevented its use by Perry Lineberry and others. The present litigation soon followed and as already indicated in the final decree, the court established the road through Clevey Jennings' land as a way of necessity.

In 2 Minor on Real Property, (2d. Ed.), Sections 90 and 99, the author states the universal rule to the effect that one cannot have an easement in his own land, but he may so use one part of his land in order to confer a benefit upon another part, as by establishing a roadway. This will not of itself constitute an easement so long as the two tracts remain in the same hands, yet an easement may be created if there be a severance of the two tracts and the roadway be apparent, continuous and reasonably necessary to the enjoyment of the dominant tract.

Here the roadway was constructed and used by the owner while he owned the two tracts. During such ownership no

easement was created, but in 1934, when the severance took place by the conveyance of the servient tract of 24 acres to his son Clevey, the appellant, an easement was or was not created depending upon whether the roadway was apparent, continuous and reasonably necessary to the enjoyment of the remaining tract.

The evidence is conclusive that the roadway was perfectly obvious and apparent. It had been in continuous use since it had been made some 20 years theretofore. But the evidence is not convincing that it is reasonably necessary to the enjoyment of the dominant tract.

A right of way of necessity does not arise if there be already another mode of access to the land, though less convenient or more expensive to develop. *Turner* v. *South and West Imp. Co.*, 118 Va. 720, 88 S. E. 85, 2 Minor Real Property, (2nd Ed.), Sec. 98.

A clear statement of the rule may be found in 17 Am. Jur., Easements, Par. 48, where "ways of necessity" are treated. The author says: "A way of necessity is an easement arising from an implied grant or implied reservation; it is the result of the application of the principle that whenever a party conveys property, he conveys whatever is necessary for the beneficial use of that property and retains whatever is necessary for the beneficial use of land he still possesses." Continuing the author says: "The fact of the necessity of a way is of great importance in determining whether an easement of way should be implied * * * ".

In paragraph 50, the author discloses a conflict in the authorities on the degree of the necessity. Some courts, possibly a minority, hold that there must be a strict necessity as distinguished from mere convenience, while others, perhaps a majority, hold that an absolute physical necessity is not required. Virginia is aligned with the latter view, our cases holding that a showing of a reasonable necessity to the enjoyment of the dominant estate is all that is required. *Smith* v. *Virginia Iron, etc., Co.*, 143 Va. 159, 129 S. E. 274, *Pryor* v. *East*, 150 Va. 231, 142 S. E. 361. In the latter case Judge Campbell, in delivering the opinion, referred to and dis-

cussed many of the Virginia cases. All of them are collected in Digest of Virginia and West Virginia Reports (Michie) Vol. 3, pp. 932-3 and 4.

A way of necessity will not be decreed unless the evidence showing the need therefor is clear and convincing. Such a way is not sanctioned when there is available another means of ingress and egress to and from the claimant's land even though it may be less convenient and will involve some labor and expense to repair and maintain.

In 2 Thompson on Real Property, par. 549, it is disclosed that there is no way of necessity where the granted or retained land adjoins a public road on one side, although a way over other land would provide access to another public road much better than that on which the land borders and would save considerable distance. These considerations only go to the matter of convenience and do not lay any foundation for a way of necessity. The author says: "Where the conveyance leaves to the grantor full access to the highway over the land retained, he cannot claim an easement by implication in any part of the land granted * * * ".

A correct decision of the case at bar turns upon a proper analysis of the evidence. It discloses that, at the time of the severance in 1934, a public road, which had been worked at public expense up to 1932, ran by the home of the predecessor of Perry Lineberry to the Hebron road. This road having been worked in 1932, we may fairly infer that it was usable in 1934 when the severance took place. The situation must be viewed as of that time because the easement was or was not created then. At that time Jackson Jennings disclosed that he did not intend to reserve an easement over the lands he then granted to Clevey Jennings because he (Jackson) already had a sufficient public road running by his home to the Hebron road. To imply an intent on the part of Jackson Jennings to reserve an easement over the lands of Clevey would contravene this expressed intent as disclosed by his undenied declaration. The evidence shows that this public road is still in existence but in poor if not impassable condition for vehicles, but there is ample testimony to the

effect that the road can be repaired and made usable for all practical purposes at nominal expense and labor.

The factual situation presented does not justify the court in establishing a way of necessity through the lands of the appellant. The appellee already has a public road which will provide him a sufficient outlet to the Hebron road after reasonable repairs have been made.

The decree of the lower court is reversed and the bill dismissed.

*Reversed and dismissed.*