## Richmond

### ALBERT CHAIKEN v. HARRY J. O'MEARA TILE COMPANY, INC.

November 29, 1971.

Record No. 7636.

Present, All the Justices.

*Edward D. Gasson* (*Phillips, Kendrick, Gearheart & Aylor,* on brief), for appellant.

*Robert C. Lowe,* for appellee.

HARMAN, J., delivered the opinion of the court.

This is an appeal from a final decree in a declaratory judgment suit in which the trial court awarded Harry J. O'Meara Tile Co., Inc., (O'Meara) an easement by necessity over property of Albert Chaiken (Chaiken).

We need consider only one assignment of error, namely, that the evidence was insufficient to establish O'Meara's right to such an easement.

Both parcels of land were originally part of a larger tract of 218.65 acres acquired by Vernon M. Lynch (Lynch) in 1941. Lynch conveyed a 20 acre tract (Chaiken tract) to Chaiken's predecessor in title in March, 1942. This 20 acre tract bounded a .656 acre tract (O'Meara tract) retained by Lynch on the east, south and west.

The north boundary of the O'Meara tract coincided with the southern right of way line of the Southern Railway Company.[1] Lynch, who dealt extensively in real estate before and after this conveyance, did not reserve a right of way or easement for the benefit of the O'Meara tract in the deed conveying the Chaiken tract.

In March, 1945, Lynch conveyed the O'Meara parcel to O'Meara's predecessor in title. This deed made no mention of an easement.

Only four witnesses testified before the trial court. O'Meara's case consisted of the evidence of two witnesses, Gerald A. Kidwell, an attorney, and Merlin McLaughlin, a surveyor.

[1] See sketch below which does not purport to be to scale. It is intended only to show the relative locations of the O'Meara tract, the Chaiken tract, Black Lick Road and the Southern Railway Company right of way.

Kidwell testified that he had made a limited examination of the titles to the Chaiken and O'Meara tracts commencing with the acquisition of the 218.65 acre tract by Lynch in 1941. He traced the conveyances in the chains of title to both the O'Meara tract, acquired by O'Meara in 1954, and the Chaiken tract, acquired by Chaiken in 1964. His testimony was that there were no easements granted or reserved in any of the deeds in either chain of title during the period covered by his limited examination. He also testified that the only public road in the vicinity of these two parcels of land was the Black Lick Road, the right of way of which was 56 feet west of the west line of the O'Meara tract.

McLaughlin testified that he had recently been on the O'Meara and Chaiken parcels. His "primary purpose was to establish the location or locations of feasible locations for right-of-ways, ingress and egress." He described the contours of each parcel at the time of his visit. His testimony was that Black Lick Road had been rebuilt and that the Chaiken property fronting on Black Lick Road at the southern right of way line of the Southern Railway is now approximately 25 feet below the level of the ramp and bridge over the railroad which was constructed in rebuilding Black Lick Road.

McLaughlin, on cross-examination, testified that there was a dirt road running east from Black Lick Road toward the O'Meara tract prior to the time Black Lick Road was rebuilt. He called this "a service road or siding for the Southern Railroad." He further testified that there was a high bank along Black Lick Road "that came in tight on the railroad. I am basically not in a position to testify where the property lines are with regard to something that existed."

Chaiken presented the evidence of Luther W. Hatch (Hatch) who was a son of one of the predecessors in title to the Chaiken tract. Hatch testified that he lived with his parents on the Chaiken tract for approximately 20 years beginning in 1943 and during this time was familiar with the O'Meara tract. He further testified that the building on the O'Meara tract was occupied during this time and that ingress and egress to the O'Meara tract was over a road or driveway "(r)ight down the Southern Railroad to Blacklick Road." He further testified that use of this road or driveway by the occupants of the O'Meara tract was never terminated to the best of his knowledge. Hatch pointed out the road or driveway leading to the O'Meara tract on an aerial photograph of the area which was made in 1948. This photograph shows a clearly defined roadway running

from Black Lick Road to the O'Meara tract. This road runs south of and parallel to the railway.

Chaiken testified he had the title to his property examined and made a thorough examination of the property on the ground before he acquired it in 1964. Title examination failed to reveal any grants or reservations of easements over the property and his examination on the ground revealed none. He further testified that the first claim of an easement asserted by O'Meara was in 1968 when a suit was instituted. His testimony also established that Black Lick Road is now approximately 15 feet higher than the northwest corner of his property.

While the record is unclear as to just when Black Lick Road was rebuilt, it would appear that it was reconstructed sometime after Chaiken acquired his property in 1964 and before legal action was instituted in 1968. It would appear that the level of Black Lick Road was raised in this reconstruction so that its level is now approximately 15 to 25 feet above the level of the adjoining Chaiken tract at the railroad right of way. It is also unclear from the evidence whether the former access road to the O'Meara tract was on the railroad property, on the Chaiken tract or partly on both. It is clear and uncontraverted, however, that ingress and egress to the O'Meara tract prior to the rebuilding of Black Lick Road was by way of this road which had been in use for more than 20 years.

A right of way by necessity will not be decreed unless the evidence showing the need therefor is clear and convincing, and it does not arise if there is another way of access although less convenient or more expensive to develop. *Jennings* v. *Lineberry,* 180 Va. 44, 48-49, 21 S.E.2d 769, 771 (1942); *Hartsock* v. *Powell,* 199 Va. 320, 323, 99 S.E.2d 581, 584 (1957).

When the evidence presented here is viewed with those principles in mind it becomes apparent that O'Meara has failed to carry the burden imposed upon it. The evidence here not only failed to show such a need by clear and convincing evidence but showed, as an uncontraverted fact, that access to the O'Meara property beginning at least in 1943 and for more than 20 years thereafter was over the road running parallel to the railway from the O'Meara tract to Black Lick Road. No explanation or proof was offered by O'Meara, upon whom the burden rested, to show when this means of ingress and egress had been terminated if it had, in fact, been terminated. We might infer from the record that the rebuilding of Black Lick Road

and raising its level resulted in a physical loss of access to Black Lick Road, but there is no evidence in the record of any loss of legal access.

For these reasons the decree of the trial court will be reversed and the suit will be dismissed.

*Reversed and dismissed.*