# Richmond

ROBERT H. FONES, JR., ET AL. v. ALLAN R. FAGAN, ET AL.

June 11, 1973.

Record No. 8137.

Present, All the Justices.

*Myron C. Smith* (*Fitzgerald & Smith*, on brief), for appellants.

*David Machanic* [D.C.] (*Robert C. Watson*, on brief), for appellees.

COCHRAN, J., delivered the opinion of the court.

Allan R. Fagan and his wife (Fagan) filed a bill in equity to enjoin Robert H. Fones, Jr., and his wife (Fones) from obstructing a portion of the Fones land over which Fagan claimed an easement for ingress to and egress from his garage. The trial court by final

decree entered February 23, 1972, held that such an easement had been established by implication from preexisting use. To this decree we granted Fones an appeal.

Fones and Fagan are neighbors, owning Lots 20A and 19A, respectively, in Kemper Park Subdivision, Fairfax County. (*See* diagram). This litigation was initiated after Fones in 1969 blocked Fagan's access to his garage from the ten-foot wide "pipe-stem" driveway owned by Fones but previously used also by Fagan.

This sketch is not drawn to scale and is intended only to show the relative locations of the properties involved.

No easement of record over the driveway for the benefit of Lot 19A was ever created. The common grantor and developer of the subdivision property, B & K Corporation, conveyed Lot 20A with improvements thereon to Fones's predecessor in title, Champion, in 1965. In 1967, B & K conveyed Lot 19A with improvements thereon to Fagan, after having rented the property to another for nine

months prior to sale. Later in 1967 Fones purchased Lot 20A from Champion. None of these deeds mentioned an easement, although the various occupants of the two residences used the driveway jointly until 1969 when the controversy between Fones and Fagan arose.

Kemper Beard, a principal in the B & K Corporation, testified that the two lots were platted and the houses were built thereon by B & K under a new county "cluster development" zoning ordinance. He stated that B & K contemplated the joint use by the homeowners of the driveway, but admitted that no express reservation of an easement over Lot 20A in favor of Lot 19A was made. (After Lot 20A was sold, B & K, owner of Lots 19A and 21, and The Glass Corporation, owner of Lot 22, did by recorded agreement of December 30, 1965, create a joint driveway easement for Lots 19A, 21 and 22 "along the dividing line between said lots". But this easement is of no use or benefit to Fagan's Lot 19A which does not adjoin either Lot 21 or Lot 22).

Beard also testified that during construction of the subdivision trucks used the Fones driveway for access and delivery of materials to all four adjacent lots, 19A, 20A, 21 and 22.

Fagan's Lot 19A has approximately 115 feet of frontage on Hunter Mill Road (Route 674). But he introduced evidence indicating that an expenditure of $3,855 would be required to construct a suitable semi-circular driveway connecting his garage with the road if he is denied an easement over the Fones driveway for that purpose. Because the Fagan house was erected too close to the lot line adjacent to the Fones driveway, a new driveway constructed wholly on the Fagan land might make it difficult to drive an automobile into and out of the basement garage. Fagan's evidence showed that the market value of his property would be only $54,625 with the new driveway but would be $57,500 with an easement over the Fones driveway. On the other hand, Fagan is the beneficiary of appreciation in real estate values, as he purchased his property in 1967 for only $41,500, and there is no evidence that he has since incurred additional expense for improvements.

Fagan claimed an easement by necessity or by implication from preexisting use or by both. While the two theories are similar and both require a showing of necessity, they are analytically distinct. In its final decree, the trial court granted relief relying on the second theory only. However, since both theories have been argued at length by opposing counsel, we shall consider both.

■ A way of necessity is an easement which arises from an implied grant or implied reservation. It is premised on the presumption that a grantor of real property conveys whatever is necessary for the beneficial use of that property and reserves whatever is necessary for the beneficial use of the property he retains. *Jennings* v. *Lineberry*, 180 Va. 44, 48, 21 S.E.2d 769, 771 (1942). The particular use requiring a way of necessity need not have existed at the time of conveyance. *Keen* v. *Paragon Jewel Coal Co.*, 203 Va. 175, 179, 122 S.E.2d 543, 547 (1961). In Virginia, only "reasonable" necessity, rather than "absolute" physical necessity, must be shown and must be proven by clear and convincing evidence. *Jennings* v. *Lineberry*, 180 Va. at 48-49, 21 S.E.2d at 771. If another means of access exists, though less convenient or more expensive to develop, no way of necessity arises. *Id.* *See also Chaiken* v. *Harry J. O'Meara Tile Co.*, 212 Va. 510, 184 S.E.2d 746 (1971); *Hartsock* v. *Powell*, 199 Va. 320, 99 S.E.2d 581 (1957).

Fagan relies on *Foxx* v. *Thompson*, 358 Mo. 610, 216 S.W.2d 87 (1948), for the proposition that access to a common garage implies a common easement for access upon showing only reasonable necessity. But there the driveway was built partly upon the property of each of the landowners for whom the reciprocal easement was implied. No easement was granted to a third landowner who owned no part of the property upon which the driveway was built and who had access to another street.

In the present case Fagan is not landlocked. He has ample frontage on Hunter Mill Road to which he seeks access, and he can readily construct a driveway on his own property to connect his garage with the road. The additional cost of a new driveway, the difficulty in using the garage, and any diminution in market value of Lot 19A are factors that adversely affect Fagan's use of his property. But part of his problem, the location of the garage in relation to the northern lot line, can be attributed to either a violation of or an exception to the setback requirements of the Fairfax County Zoning Ordinance when the house was built. In any event these factors at most render Fagan's use of his property inconvenient and somewhat more expensive. They fall far short of constituting a "necessity" sufficient to compel an easement over his neighbor's property.

■ In order to establish an easement by implication from pre-existing use, several factors must be shown. The use of the property must have been continuous, apparent, reasonably necessary for the

enjoyment of the dominant tract, and in existence at the time of the conveyance. *Sanderlin* v. *Baxter,* 76 Va. 299, 305 (1882). When a common owner of property imposes an obvious and permanent use on one part of the property for the benefit of another part and sells each part to a different purchaser, an easement corresponding to the use may be deemed to have been conveyed along with them. *Scott* v. *Moore,* 98 Va. 668, 683-84, 37 S.E. 342, 347 (1900); Annot. 100 A.L.R. 1321, 1322-23 (1936), supplementing Annot. 34 A.L.R. 233 (1925).

In *Scott* v. *Moore, supra,* we held that the evidence of preexisting use established an easement by implied grant over a private alley for the benefit of an interior lot, one of several previously held by a common owner. But the evidence there showed plainly and unmistakably that from its inception the alley had been used, was in use, and was intended for use by the interior lot owner. Accordingly, we held that the exterior lot owner, who had closed the alley, was presumed to have contracted in reference to the condition of the property at the time of her purchase and could not prevent the use of the alley by the interior lot owner.

In the present case Fagan insists that the use of the driveway by construction vehicles, when the houses were built on the subdivision lots, constitutes an obvious, permanent, preexisting use of Lot 20A which is reasonably necessary for the enjoyment of Lot 19A. He also notes that Fones purchased Lot 20A after the driveway had been used by Fagan and by the tenant before him without incident.

We are unable to agree with the trial court that such activities are sufficient to imply an easement from prior use. At the time B & K Corporation sold Lot 20A to Fones's predecessor in title, only passage over the driveway by trucks used in building the houses on the adjoining lots could be construed as evidence of preexisting use. The utilization of the driveway area temporarily for the convenience of the builder does not indicate an intention to subject Lot 20A to a continuous or permanent use. Although Kemper Beard testified that B & K had intended to reserve an easement in favor of Lot 19A, he was referring to reservation by deed rather than by implication from intermittent, temporary use during construction. Subsequent use of the driveway by B & K's tenant prior to the sale of Lot 19A and by Fagan after he purchased that lot did not occur prior to the severance of Lot 20A from the common tract and does not bolster Fagan's claim as to preexisting use.

Nor has the requisite necessity for implication of such an easement been shown. Even though demonstration of prior use reduces the degree of necessity required, here ready access to Hunter Mill Road is available and is not economically unfeasible. *See Restatement of Property* § 476, comment *i* at 2987 (1944).

While it appears likely that B & K's failure to reserve in the deed to Lot 20A an express easement over the driveway for the benefit of Lot 19A was an oversight, reformation of that deed has not been and could not be sought in this proceeding. *See* 2 *Minor on Real Property* § 1112, at 1478-79 (2d ed. F. Ribble 1928).

To hold that an easement by implication exists here would run counter to the purpose of the recording statutes, would derogate from an explicit warranty deed and might seriously impede the development of future subdivisions. If so little activity were sufficient to impose an easement after severance of a lot from the main tract, no subdivision homeowner could be secure in the record title to his property.

For these reasons, we conclude that the trial court erred in ruling that an easement for the benefit of Fagan over the driveway of Fones had been established. Accordingly, the judgment will be reversed, the injunction dissolved and the bill of complaint dismissed.

*Reversed and dismissed.*