## Richmond

L. Graham Haynie, Jr., and Jane E. Haynie v. Eva C. Brenner.

March 5, 1976.

Record No. 750272.

Present, All the Justices.

*C. Thomas Burton, Jr.* (*Kenneth E. Trabue; Hunter, Fox & Trabue*, on brief), for appellants.

*Richard Kurshan*, for appellee.

Harman, J., delivered the opinion of the court.

This is an appeal from a final decree of the trial court in a declaratory judgment proceeding under Chapter 25 of Title 8, Code § 8-578 et seq., between adjoining property owners. This proceeding was instituted by Eva C. Brenner[1] (Brenner) against L. Graham Haynie, Jr., and Jane E. Haynie (the Haynies), alleging that the Haynies were claiming, as a right appurtenant to their adjoining property, the use of a driveway and retaining wall on Brenner's property in Roanoke. The petition denied the existence of such an easement, sought a declaratory judgment that the Haynies had no such right and asked the court to enjoin the Haynies from further use of that part of the driveway and retaining wall which was on Brenner's property.

The Haynies' answer and cross-petition asserted that they had, as a

---

[1] Eva C. Brenner died while this appeal was pending. Because of Code § 8-148, no revival or substitution of parties is necessary.

right appurtenant to their property, the right to use and maintain such driveway and retaining wall, and asked that Brenner be enjoined from interfering with the free exercise of this right.

The case was submitted to the chancellor upon agreed exhibits, stipulations of fact and a view of the premises. The chancellor found in favor of Brenner and the Haynies appealed.

The stipulations establish that no easement is claimed to exist by reason of a specific grant or by prescription. The Haynies' claim was grounded solely on an implied grant from reasonable necessity and pre-existing use.

The record shows that Brenner and her husband (the Brenners) owned four adjoining lots which will be referred to as "old lot 1", "lot 1-A", "lot 1" and "lot 2". Old lot 1 is located at the southeast corner of West Ridge and Burnleigh Roads and abuts on both streets. Lot 1-A, lot 1 and lot 2, in that sequence, lie east of old lot 1 and front only on Burnleigh Road.

In 1958 the Brenners built a house on old lot 1 which they occupied as a dwelling. To provide access to their home, the Brenners constructed a circular macadam driveway and retaining wall on old lot 1, lot 1-A and lot 1. This driveway, which circled behind the dwelling, had one entrance on old lot 1 at the intersection of West Ridge Road with Burnleigh Road. Because of the terrain the other entrance was on lot 1 from Burnleigh Road.[2]

On or about May 11, 1965, the Brenners conveyed old lot 1 and lot 1-A to a third party. This deed contained no express grant of an easement over lot 1. In December, 1965, the Haynies purchased old lot 1 and lot 1-A from the then owners, and moved into the dwelling located on old lot 1.

During the time the Brenners occupied the home, they ordinarily used the most convenient entrance for ingress to and egress from the premises. After the Haynies acquired the property in 1965, they regularly used both entrances until July 5, 1972, when they were notified by Brenner to cease and desist using the entrance on Burnleigh Drive and that portion of the driveway which was on lot 1. The stipulation shows that the Haynies, who had three automobiles, ordinarily entered the driveway by the West Ridge Road entrance and left their premises by way of Burnleigh Road.

---

[2.]The attached sketch, which is not to scale, is intended to generally depict the location of the driveway, retaining wall and dwelling as they relate to the lots referred to in this opinion.

No improvements, other than the driveway and wall, have been constructed on lot 1 and lot 2. While the stipulation shows that Brenner would have testified that she "thought at the time the driveway and retaining wall were constructed that one of [the Brenners'] children would build a house on [lot 1] and lot 2", it also shows that the "driveway and . . . retaining wall have never served the purpose of ingress and egress to [lot 1] and lot 2."

The chancellor, in his letter opinion, citing *Fones* v. *Fagan*, 214 Va. 87, 196 S.E. 2d 916 (1973), found that "[n]o way of necessity can be implied in the instant case as the [Haynies] have access to their property from West Ridge Road, and while it is more convenient to exit from their property over the driveway to Burnleigh Road, it is not necessary as reflected by the exhibits, and particularly by a view of the premises."

We affirm. Where there are no descriptive words of grant or reservation in the deed, an easement by implication from former use will arise only where several factors are shown. The use of the property must have been continuous, apparent, reasonably necessary for the enjoyment of the dominant tract, and in existence at the time of the conveyance. *Sanderlin* v. *Baxter*, 76 Va. 299, 304-305 (1882); *Fones* v. *Fagan, supra,* 214 Va. at 90-91, 196 S.E. 2d at 919.

While the chancellor recognized that the easement appurtenant claimed by the Haynies would be convenient, he found that there was no showing that such an easement was reasonably necessary to the enjoyment of the Haynie property. A chancellor's decree based on depositions, while not given the same weight as one where the chancellor heard evidence *ore tenus,* is presumed to be correct and will not be overturned by us if it is reasonably supported by substantial, competent and credible evidence. *Hoback* v. *Hoback*, 208 Va. 432, 435, 158 S.E. 2d 113, 116 (1967).

Here, while hearing the case on exhibits and written stipulations, the chancellor had the further benefit of a view of the property which explained that evidence. Since his finding that the easement was not reasonably necessary for the enjoyment of the Haynie property is supported by substantial, competent and credible evidence, we will not disturb it.

*Affirmed.*