## CIRCUIT COURT OF BOTETOURT COUNTY

Hallie G. Peters

v.

Rodney W. Kessler and
Cheryl Kessler

October 30, 1978

Case No. 2214

By JUDGE ROSCOE B. STEPHENSON, JR.

By this declaratory judgment proceeding the plaintiff (Mrs. Peters) asks the court to adjudicate that she has an easement to use a certain sewage disposal system which is located on property owned by the defendants (the Kesslers).

The facts are not in dispute and a stipulation of facts was signed and filed by the parties. The two parcels of land presently owned by the respective parties previously constituted a single tract owned by Roy D. Peters, the plaintiff's husband. Shortly after Mr. Peters purchased this tract in 1944, he caused to be installed thereon a sewage disposal system, consisting of pipes, septic tank, drain fields and a distribution box. This system served a dwelling, in which Mr. and Mrs. Peters resided, as well as a store building.

In 1971, Roy D. Peters and his wife (the plaintiff) conveyed a portion of the tract to I. D. Peters. The portion conveyed contained the store building and the sewage disposal system (except as to those lines and pipes which led to and connected with the dwelling of Mr. and Mrs. Roy D. Peters). The deed from Roy D. Peters to I. D. Peters

made no mention of the sewage system and did not spell out the rights of the parties respecting the same.

After this severance and conveyance, the parcel containing the dwelling which Mr. and Mrs. Roy D. Peters retained (the house tract) and the parcel containing the store and sewage system (the store tract) each continued to use the sewage system.

Following the death of Roy D. Peters, Mrs. Peters became sole owner of the house tract. The Kesslers are the present owners of the store tract being successors in title to I. D. Peters.

Use of the sewage system by Mrs. Peters has been continuous and with full knowledge of all owners of the store tract.

On May 27, 1978, the Kesslers (who had acquired the store tract in February, 1978) disconnected Mrs. Peters's house from the system, and on June 5, 1978, the court temporarily enjoined the Kesslers "from disconnecting or otherwise tampering with said pipes or lines for a period of ninety days."

Mrs. Peters contends that she has an easement by implication and a way of necessity in the system. The Kesslers deny the existence of any such easement in favor of Mrs. Peters, and they assert that she is a mere licensee.

Easements by implication and ways of necessity are so similar in nature as to be virtually indistinguishable. To establish either requires proof of the existence of the same elements. With either, they must be continuous, apparent, reasonably necessary to the enjoyment of the dominant tract and in existence at the time of severance (the conveyance). *Fones* v. *Fagan*, 214 Va. 87, 196 S.E.2d 916 (1973); *Jennings* v. *Lineberry*, 180 Va. 44, 21 S.E.2d 769 (1942); *Sanderlin* v. *Baxter*, 76 Va. 299 (1882). Therefore, the court must determine whether these elements have been established by the evidence in the present case.

It seems apparent that Mrs. Peters' use of the sewage system has been continuous. This system has served her dwelling since its installation in 1944.

Was the use apparent, meaning, was it of such a nature as to put a purchaser for value on notice of the existence of the use of the sewage system? The facts, as stipulated, indicate that "Mrs. Peters' use of the . . . sewage disposal system has been continuous and

with full knowledge of all owners of the dominant estate." Par. 11. Therefore, the element of "apparentness" has been met.

Another element is "necessity." Respecting this element, the Kesslers argue that at the time of the conveyance or severance in 1971 the continued use of the sewage system was not a necessity. They further assert that Mr. and Mrs. Peters could have built a system on their own property. It has been subsequently established that such a sewage system cannot be built on the house tract without violating state and county laws. There is no reason to assume that the situation would have been otherwise in 1971 when the severance and conveyance occurred, but, assuming that to be the fact, the court is of opinion that the existing system was reasonably necessary to the enjoyment of the dominant tract. Reasonable necessity, as opposed to absolute necessity, is all that is required under Virginia law. *Jennings* v. *Lineberry, supra,* 180 Va. at 48-49, 21 S.E.2d at 771; *Smith* v. *Virginia Iron, Coal & Coke Co.,* 143 Va. 159, 129 S.E. 274 (1925).

Finally, it is undisputed that the use of the sewage system was in existence at the time of the severance or conveyance.

Since all the elements essential for the establishment of an easement by implication and/or an easement of necessity have been proved, the court holds that Mrs. Peters has a right and easement to use the sewage system jointly with the Kesslers. The court rejects the contention that Mrs. Peters is a mere licensee.

Coupled to this right, however, is a corresponding duty of Mrs. Peters to share with the Kesslers in the cost of any necessary maintenance, repairs or replacements to the system in the future. 6B M.J. *Easements,* sec. 24; 25 Am. Jur. 2d *Easements and Licenses,* § 85.