## CIRCUIT COURT OF BEDFORD COUNTY

Robert L. Gosser et al.

v.

George L. Oliver, Sr.

September 1, 1992

Case No. (Chancery) 15786

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the Exceptions to the Report of the Commissioner in Chancery in the above-styled matter. As you know, William W. Berry, IV, Commissioner in Chancery, filed his report in this matter on February 25, 1992. Both the Plaintiffs and the Defendant have filed exceptions. I will rule on these exceptions under separate headings below. The Defendant filed his exceptions first, and accordingly, the Court will first rule on the exceptions of the Defendant. Thereafter, the Court will rule on the exceptions of the Plaintiffs.

### Exceptions of Defendant

Exception # 1 and Exception # 2 are directed at the ruling of the Commissioner that the Defendant, George L. Oliver, Sr., does not have a right of way over Tract 4. This exception is overruled.

The Court does not agree with the reasoning set forth by the Commissioner for ruling that a right of way has not been created over Tract 4. However, the Court does believe that the Defendant has not proven by clear and convincing evidence that there is a reasonable necessity for a right of way over Tract 4 of Robert L. Gosser and Frances H. Gosser.

Virginia recognizes the concept of an implied easement from a pre-existing use. The Supreme Court of Virginia has held that "a grantor of property conveys everything that is necessary for the ben-

eficial use and enjoyment of that property." *Brown v. Haley*, 233 Va. 210, 218, 355 S.E.2d 563 (1987). Further, the Supreme Court of Virginia has held:

> When a landowner conveys a portion of his land, he impliedly conveys an easement for any use that is continuous, apparent, reasonably necessary for the enjoyment of the property conveyed, and in existence at the time of the conveyance. *Brown v. Haley, Id.*, at 219.

The evidence demonstrated that Tract 4, owned by Gosser, is an oblong parcel that extends into Tract 2 owned by Oliver. Defendant's Exhibit A. Oliver maintains that he needs an easement over Tract 4 to get to the field on the eastern side of his property. Although Tract 4 does not entirely bisect Tract 2 owned by Oliver, Oliver and his witnesses testified that the terrain is so steep, mountainous, and "boggy" on the northern side of Tract 4 that access cannot be obtained to the eastern field of Tract 2. Oliver testified that the fence "gaps" were in existence across Tract 4 at the time that he acquired the property, and various other witnesses for Oliver confirmed that these gaps were used as access from the western portion of Tract 2, across Tract 4 to the eastern portion of Tract 2 subsequent to the time Oliver acquired Tract 2.

The evidence also demonstrated that Tract 1 and 4, owned by Gosser, and Tract 2 owned by Oliver, were all once part of a larger tract owned by H. Sheperd Moon. By deeds dated March 1, 1965, Moon conveyed to Oliver Tract 2, and to Preston (the predecessor to Gosser) Tracts 1 and 4. Oliver and Preston were friends, and according to the evidence of Oliver, Tract 4 was designed to give Preston access to a spring, and Preston orally agreed to allow Oliver an access over Tract 4 to get to the eastern field of Tract 2. There was no written instrument allowing Oliver to cross Tract 4.

Based upon a view of the property, the Court finds that the terrain of Tract 2 north of Tract 4 is in fact steep, mountainous, and crossed by a creek. It might be difficult or expensive to build a road through this area, but it is certainly not impossible. The Court further finds from the evidence that the gaps and the access across Tract 4 were in existence at the time that Preston and Oliver acquired their respective properties in 1965. The Court further finds that the access across Tract 4 was continuous and apparent at the time that Moon conveyed Oliver and Preston their respective properties.

The real question of whether or not an implied easement should be granted to Oliver across Tract 4 turns on the issue of whether or not there is a reasonable necessity for Oliver to have access over Tract 4. On this issue, Oliver has the burden of proof by clear and convincing evidence. *Middleton v. Johnston*, 221 Va. 797, 803, 273 S.E.2d 800 (1981).

A right of way of necessity (implied easement) will not be established if there is another way of access, although less convenient which will require some labor and expense to develop. *Chaiken v. O'Meara Tile Co.*, 212 Va. 510, 513, 184 S.E.2d 746 (1971). In *Chaiken* a public road was rebuilt so that its level was 15 to 25 feet above the previous level of an old access road. In *Chaiken* the Court denied a right of way by necessity holding:

> A right of way by necessity will not be decreed unless the evidence showing the need therefore is clear and convincing, and it does not arise if there is another way of access although less convenient or more expensive to develop. *Chaiken v. O'Mears, id.*, at 513.

In the instant case, Oliver can gain access to his eastern field by traversing the area north of Tract 4, although it may be steep and crossed by a creek. All of Oliver's property is in one contiguous tract. Therefore, he has not established by clear and convincing evidence that access across the northern side of his property is anything other than "less convenient or more expensive to develop." In the instant case, Oliver simply has another way of access, although probably less convenient and more expensive to develop, and therefore, he cannot establish an implied easement over Tract 4. *Hartsock v. Powell*, 199 Va. 320, 323, 99 S.E.2d 581 (1957).

In Exception # 3, the Defendant, Oliver, takes exception to the finding that Oliver has not sustained damages directly attributable to the Plaintiffs. The Court overrules this exception. Oliver has not proven damages. The evidence supports the decision of the Commissioner, which should not be overturned. *Hill v. Hill*, 227 Va. 659, 318 S.E.2d 292 (1984).

In Exception # 4, the Defendant Oliver excepts to one-half of the costs being assessed against the Defendant Oliver. This exception is overruled. Based on the evidence, the Court cannot say that this decision is arbitrary.

### Exceptions of the Plaintiffs

The Plaintiffs filed only one exception to the Report of the Com-

missioner in Chancery. The Plaintiffs excepted to the finding of the Commissioner under the Fifth Inquiry that there is an implied easement over a portion of Tract 1 for Oliver to obtain access to Tract # 2. It appears that the Plaintiffs referred to the "Fifth Inquiry" rather than more appropriately the First, Second, and Sixth Inquiry which address the thirty-foot roadway. Accordingly, the court will treat this an exception to the First and Second Inquiry (2) and the Sixth Inquiry.

Preliminarily, it should be noted that the Complainants filed their exceptions more than ten days after the Report of the Commissioner in Chancery was filed. The Defendant objects to the exceptions on this basis. The Court, however, grants the Plaintiffs leave to file late exceptions. 16 M.J., *Reference and Commissioners*, § 27.

Nonetheless, the exception of the Plaintiffs is overruled for the reasons set forth in the Report of the Commissioner in Chancery. An implied easement has been established over 22.86 feet of Tract 1 of Gosser. In accordance with the findings in the Sixth Inquiry, a turn area having a radius of 50 feet is established on the 22.86 foot area at the northeastern corner of Tract 1 as a right of way for Tract 2. This means that the 22.86 portion of the 30 foot right of way will be extended 50 feet into Tract 1 of Gosser.    The Court fully adopts the reasoning of the Commissioner that this turn area is reasonably necessary for the enjoyment of Tract 2. *Brown v. Haley*, 233 Va. 210, 355 S.E.2d 563 (1987).

## Miscellaneous

The Court finds that Gosser narrowed the fence posts at the entrance to the 30 foot wide right of way at the western boundary of Trace 2 and Tract 1. Accordingly, Oliver is granted the right to modify the fences and openings so that he may utilize the entire 22.86 feet extended for a radius of 50 feet located on Tract 1.

Other than as ruled on in this opinion, the Report of the Commissioner in Chancery is affirmed in full.